In the Matter of the Estate of ADELINE R. T. PASKETT, Deceased.

Surrogate's Court, Bronx County, April 16, 1934.

*Lawrence E. French,* for the executor.

*William H. Sommer,* for James F. Paskett.

*Joseph O. M. Van Tassel,* for the Mount Vernon Trust Company.

HENDERSON, S. The only objection to the executor's account was filed by the Mount Vernon Trust Company because the executor had rejected its claim for $1,401.31 and interest upon a past due note indorsed by the decedent.

On January 30, 1931, the decedent indorsed for accommodation a negotiable promissory note made by Sarah E. Updike payable to the order of the claimant. It was not negotiated and is still held by the claimant. It was dishonored by non-payment at maturity and notice of such dishonor was duly given to the decedent. Thereafter the payee-holder took a new negotiable promissory note from the maker without the knowledge or consent of the decedent and without expressly reserving its right of recourse against the decedent. The claimant's witness, an assistant secretary and assistant treasurer of the bank, testified that the old note " was a renewal note " and " was not paid and it was protested and held past due for a short while;" that the claimant retained the old note indorsed by the decedent as collateral security for the new note; that the claimant has not demanded payment of the old note; that no action whatever was started by the bank against the decedent or the maker for the collection of the old note prior to the former's death. There is no contradiction of the testimony

of Mr. Bath, also called by the claimant, that after the maturity of the old note and at the request of the decedent he went to the claimant to find out what happened to the note she had signed for Mrs. Updike, and was then told by the claimant's note teller that " there was a new note had been made which consolidated all of Mrs. Updike's notes of the Bank into one new note."

I find that the maker's time to pay the original debt was extended and the holder's right to enforce the old note was postponed by an agreement binding upon the payee-holder without expressly reserving the latter's right of recourse against the decedent-indorser and without the assent of such indorser. I, therefore, hold that the decedent was thereby discharged from her liability as indorser of the old note. (Neg. Inst. Law, § 201, subd. 6; *National Park Bank* v. *Koehler*, 204 N. Y. 174, 179; *Place* v. *McIlvain*, 38 id. 96, 99.)

The claim and the objections of the Mount Vernon Trust Company are dismissed upon the merits.

Settle decree accordingly.